**FILED**
**Oct 01, 2019**
**08:23 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| **DONALD GRADY RILEY,** | )   **Docket No. 2019-04-0154** |
|     **Employee,** | ) |
| **v.** | )   **State File No. 41403-2019** |
| | ) |
| **ROBIN DRIVER,** | )   **Judge Robert Durham** |
|     **Uninsured Employer.** | ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS IN PART

---

The Court conducted an expedited hearing on September 24, 2019, to determine whether Robin Driver is obligated to provide medical and temporay disability benefits for Donald Grady Riley's alleged work injury.[1] The Court holds Mr. Riley submitted sufficient evidence to establish he is likely to prevail in proving he was Mr. Driver's employee and not an independent contractor when he suffered a work-related accident on July 6, 2018. Thus, he is entitled to a panel from which he may select an authorized physician for treatment of any work-related injuries. However, Mr. Riley did not provide sufficient proof to establish entitlement to reimbursement for past medical expenses or payment of temporary disability benefits at this time.

### History of Claim

According to Mr. Riley, Mr. Driver hired him three or four years ago to work as a painter for his various businesses in DeKalb County. On July 6, 2018, he picked up an assistant in a vehicle registered to one of Mr. Driver's companies, Center Hill Chalets, Inc. They drove to a store and purchased a broom for the assistant to use and then proceeded to the jobsite. En_ route, the vehicle pulled violently to one side, causing it to crash into a concrete culvert and flip over, injuring Mr. Riley's low back and legs. He also asserted that glass flew into his right eye.

Mr. Riley testified that he attempted to return to work over the next week, but his pain continued to intensify. As a result, he visited an emergency room in Smithville

---

[1] Mr. Driver did not attend the Expedited Hearing and did not respond to the Notice of Expedited Hearing.

1

where he received testing and medication. During that time, Mr. Driver told him that he was fired because a "third party" made a claim against Mr. Driver's auto insurance following the accident. In February 2019, Mr. Riley went to the emergency room at Cookeville Regional for treatment of low-back pain and was referred to a neurologist. However, he stated that because of his financial condition and lack of insurance, he has not received follow-up treatment.

Mr. Riley testified that he has not worked since his termination due to intense pain in his back and legs that severely restricts his ability to move. He came to Court in a back brace and using crutches. He is entirely without income and lives in his car or on the kindness of friends. He relies on food stamps. He has filed for social security disability.

As to his job status, Mr. Riley testified that when he was initially hired, Mr. Driver told him he would be working "for him." After that, Mr. Riley worked exclusively for Mr. Driver on projects for his various companies. He also painted Mr. Driver's home. He testified he did not have an option to work for anyone else, since Mr. Driver demanded he be available when needed. Mr. Driver told him which projects to attend to, what to do when he got there, and the priority assigned to each. He also gave Mr. Riley deadlines for each job. Mr. Riley testified that Mr. Driver had at least eight to ten employees working for him.

Mr. Driver paid Mr. Riley $14.00 per hour. He provided check stubs from CHL Contractors, Inc. and Center Hill Services, LLC for his work. He also testified to receiving payment from Center Hill Chalets, Inc. and Mr. Driver's personal account when he painted Mr. Driver's home. Mr. Riley charged his painting supplies to credit accounts, which Mr. Driver and his companies maintained. Mr. Riley was driving a vehicle insured by Center Hill Chalets, Inc. at the time of his accident. While Mr. Riley hired assistants, Mr. Driver, through his companies, paid them based on their hours worked. Finally, Mr. Driver personally called Mr. Riley to terminate him.

**Findings of Fact and Conclusions of Law**

Mr. Riley must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1)(2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The first issue is whether Mr. Riley worked for Mr. Driver personally or for the various entities the latter owned and operated. The unrebutted testimony is that Mr. Driver asked Mr. Riley to "come work for me" when he hired him. Since then, other than painting Mr. Driver's house, Mr. Riley worked exclusively as a painter for Mr. Driver on projects for the corporations and LLCs he owns.

2

While these businesses are perhaps separate legal entities, they are all interconnected. Mr. Driver owns and operates them, and they operate out of the same office. Assets that were listed in one company's name, for example the wrecked vehicle insured by Center Hill Chalets, Inc., were used by Mr. Riley for various projects in which he was paid through another company's account. Mr. Driver directed Mr. Riley as to when, where, and how to do each job, without regard to the company through which Mr. Riley was paid. In addition, Mr. Driver directed Mr. Riley to paint his home and paid him from his personal account. Given these uncontroverted facts, the Court holds that Mr. Riley is likely to prove that Mr. Driver directly employed Mr. Riley to work for him on projects for the companies he owned and operated.

The next issue is whether Mr. Riley was working as an independent contractor or as an employee at the time of his accident. Tennessee Code Annotated section 50-6-102(12)(D)(i) lists the following factors for making this determination:

*(a)* The right to control the conduct of the work;
*(b)* The right of termination;
*(c)* The method of payment;
*(d)* The freedom to select and hire helpers;
*(e)* The furnishing of tools and equipment;
*(f)* Self-scheduling of working hours; and
*(g)* The freedom to offer services to other entities.

Here, the undisputed evidence established that Mr. Driver required Mr. Riley to work exclusively for him. He told Mr. Riley which painting jobs to do, when to do them, and how to do them. He gave him deadlines. Mr. Driver paid Mr. Riley by the hour, and he paid him weekly with checks drawn on one of Mr. Driver's businesses. While Mr. Riley hired helpers, Mr. Driver paid them through his companies at a wage he set based on their hours worked. Mr. Riley did not pay for any of the painting supplies he used, and he drove a company vehicle to work. Finally, Mr. Driver personally terminated Mr. Riley's employment. Under these facts, the Court holds Mr. Riley is likely to establish that he was Mr. Driver's employee as opposed to an independent contractor.

Since Mr. Driver employed Mr. Riley, the Court further finds that he was subject to the Workers' Compensation Law, given that construction employers must provide benefits to injured workers even if they only have one employee. Tennessee Code Annotated section 50-6-902(a). Thus, Mr. Riley is entitled to workers' compensation benefits for any injury causally related to his employment with Mr. Driver.

To establish causation, Mr. Riley must first show he is likely to prove that his accident "arose primarily out of and in the course and scope of employment." Tenn. Code Ann. section 50-6-102(14)(A). The unrebutted testimony was that Mr. Riley and his assistant first traveled in a company vehicle to a store and then as they were headed to

3

a jobsite suffered the car accident. It is "well-settled" that injuries sustained by employees while in transportation provided by the employer as an incident to employment arises out of and within the course of employment. *Smith v. Macy's Corp. Serv., Inc.,* 2019 TN Wrk. Comp. App. Bd., LEXIS 2, at *8-9 (Jan. 8, 2019). As a result, the Court holds Mr. Riley's accident arose primarily out of and in the course and scope of employment.

However, that does not end the causation inquiry. Mr. Riley must also establish that he is likely to prove to a "reasonable degree of medical certainty" that his alleged injuries primarily arose out of and in the course and scope of employment. Tenn. Code Ann. section 50-6-102(14)(C). Causation must be established by expert medical testimony, and it must be by more than "speculation or possibility." *Id.*

In this case, Mr. Riley did not submit any records documenting his emergency room treatments. All he submitted were medical bills documenting the amount owed for these visits and a record from Cookeville Regional stating he was seen for low-back pain. No medical evidence connects the treatment he received to his automobile accident. Therefore, the Court cannot find Mr. Riley is likely to prove the medical bills represented reasonable and necessary expenses for treatment of a work-related injury. *See Russell v. Genesco, Inc.,* 651 S.W.2d 206, 211 (Tenn. 1983). Mr. Riley's claim for reimbursement is denied at this time.

However, the Court finds that Mr. Driver did not offer a panel of physicians from which Mr. Riley could choose an authorized physician upon receiving notice of the accident and injury, as he was obligated to do under Tennessee Code Annotated section 50-6-204(a)(1)(A). The Court holds that he must now do so.

The lack of medical evidence also renders Mr. Riley's request for temporary disability benefits problematic. To receive these benefits, Mr. Riley must show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Mr. Riley cannot meet this burden without medical evidence establishing that he is disabled, that his work accident caused the disability, and the duration of this disability. Further, while Mr. Riley testified he was paid $14.00 an hour, he could provide no evidence or estimate as to how many hours he worked each week, making it impossible to determine his wages for the fifty-two weeks before the accident. While the Court is sympathetic to Mr. Riley's financial plight, it must deny his request for temporary disability benefits at this time.

IT IS, THEREFORE, ORDERED that:

1. Mr. Driver shall provide Mr. Riley with a panel of physicians from which he may

4

choose an authorized physician to provide reasonable and necessary treatment for any injuries causally related to Mr. Riley's July 6, 2018 auto accident. Mr. Driver shall pay the expenses related to this treatment.

2. Mr. Riley's requests for reimbursement of medical expenses and temporary disability benefits are denied at this time.

3. This case is set for a Scheduling Hearing on **November 7, 2019**, at **10:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate. Failure to call might result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 1, 2019.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Picture of wrecked automobile
2. Statement of Greg Vinson regarding Mr. Riley's physical condition
3. Mr. Riley's written statement provided to Patrick Ruth
4. Mr. Riley's written statement to the Ombudsman's office
5. Request for Investigation report
6. Mr. Riley's affidavit
7. Accident Report

8.  Cookeville Regional Hospital's discharge note
9.  Insurance card for wrecked vehicle
10. Business cards
11. Medical bills
12. Charge Account receipts
13. Paycheck stubs

Technical Record:

1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing
4.  Notice of Expedited Hearing

## CERTIFICATE OF SERVICE

A copy of the Expedited Hearing Order Granting Benefits In Part was sent as indicated on October 1, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Donald Grady Riley | X | | | 2938 W. Broad Street Cookeville, TN 38501 |
| Robin Driver, Self-Represented Employer | X | | | Center Hill Realty and Chalets 482 West Broad Street Smithville, TN 37166 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

  My employer's address is: _____

  My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $_____ per month       Medical/Dental  $_____ per month

Groceries       $_____ per month          Telephone       $_____ per month

Electricity     $_____ per month          School Supplies $_____ per month

Water           $_____ per month          Clothing        $_____ per month

Gas             $_____ per month          Child Care      $_____ per month

Transportation  $_____ per month          Child Support   $_____ per month

Car             $_____ per month

Other           $_____ per month (describe: _____)

10. Assets:

Automobile               $_____          (FMV) _____

Checking/Savings Acct. $_____

House                    $_____          (FMV) _____

Other                    $_____          Describe:_____

11. My debts are:

Amount Owed                         To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____